## MORRIS FANTL, PLAINTIFF, v. CITY OF NEWARK, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided September 30, 1952.

*Messrs. Parsonnet, Weitzman & Oransky,* attorneys for plaintiff.

*Mr. Charles Handler* (*Mr. Thomas Kane* on the brief), attorney for defendant.

COLIE, J. S. C.   This matter is a proceeding in lieu of prerogative writ and is submitted to the court on a stipulation of facts and briefs.   The facts are that Morris Fantl, now 71 years of age, was in the employ of the defendant as a butcher from September 1914 until September 8, 1951.   He was a civil service employee.   In 1951, while on vacation which would have expired August 16, he was taken ill and has since then performed no duties.   A doctor's certificate shows him to be ill and unable to work.   The City of Newark paid the plaintiff his salary until September 8, 1951, on which date he was retired under the provisions of *R. S.* 43:12–1, pursuant to an appropriate resolution.   The plaintiff's salary was $4,400 a year when he was retired on half-pay.   Since September 8, 1951 he has been receiving checks for his retirement pay, which have been accepted "under protest" and "without prejudice."   The plaintiff claims that he is entitled to sick leave pay from September 8, 1951 to January 1, 1952, amounting to $1,396.   As of September 8, 1951 he had 466 days accumulated sick leave.

The statute under the authority of which the municipality pensioned plaintiff is *R. S.* 43:12–1 and reads as follows:

"A person who has been continuously in the employ of any city for a period of twenty-five years and has reached the age of seventy years or who has been continuously in the employ of any city for a period of forty years and has reached the age of sixty years or who has been continuously or otherwise in the employ of any city for a period of twenty-five years and has reached the age of seventy-five years, may retire or be retired at any time thereafter.   On or after retirement he shall be paid in semimonthly installments by the city one-half of the amount he was receiving as salary from the city at the time of his retirement."

On September 8, 1951, the effective date of the plaintiff's retirement, *R. S.* 11:24A–3 was in effect.   It reads:

"In the preparation and administration of regulations regarding sick leaves of absence with pay, every employee in the classified service of such county, municipality or school district shall, in addition to his or her annual vacation-leave with pay, be granted sick leave, as hereinafter defined, with pay of not less than one working

day for every month of service during the remainder of the first calendar year of service following permanent appointment and in addition fifteen working days in every calendar year thereafter. If any such employee requires none or only a portion of such allowable sick leave for any calendar year, the amount of such leave not taken shall accumulate to his or her credit from year to year and such employee shall be entitled to such accumulated sick leave of absence with pay if and when needed; *provided*, that in computing the amount of pay or sick leave, there shall be deducted the amount of money, if any, which the employee is paid under the provisions of chapter fifteen of Title 34 of the Revised Statutes of New Jersey for temporary disability, for any period for which he is entitled to sick leave with pay under this act. In computing the accumulation of sick leave, the years of service of such employee prior and subsequent to the adoption of this act shall be used."

The plaintiff asserts that *R. S.* 11:24*A*–3 entitles him to full pay until he has expended his accumulated sick leave, despite his retirement by the municipality on September 8, 1951. The municipality, on the other hand, contends that the right to the benefit of accumulated sick leave may be enjoyed only by an employee of the municipality, and that when his employment ceases by death or otherwise, his right to sick leave terminates.

The court's attention is directed to *Article IV, Section VII, Paragraph* 11 of the *Constitution of* 1947, enjoining a liberal construction of any law concerning municipal corporations formed for local government. On the other hand, the plaintiff points to the fact that the statute relative to accumulation of sick leave is remedial and should receive liberal construction.

*R. S.* 43:12–1 had its source in the *Laws of* 1923, *chapter* 103, as amended in 1939 and 1947. That part of the Civil Service Act having to do with accumulated sick leave first became law by reason of *chapter* 232 of the *Laws of* 1939 and was thereafter amended, as it now reads, by *chapter* 200 of the *Laws of* 1943. After the City of Newark adopted civil service, it was bound by the provisions of the applicable statutes and the subsequent amendments thereto. The statute relating to accumulation of sick leave is a remedial statute passed for the protection of employees who might suffer from

protracted illness. In the instant case the plaintiff, under the agreed state of facts, was taken ill on August 14, 1951 and the city paid him his sick leave salary until September 8, 1951.. Had he continued in the employ of the municipality, he would have been entitled to full pay for the accumulated sick leave. The fact that the municipality, by resolution of August 22, 1951, terminated his employment as of September 8, 1951 could not, under the circumstances here existing, deprive him rightfully of the benefit of the accumulated sick leave of 466 days, which he had admittedly earned.

The right of the municipality to retire the plaintiff and pension him at half-pay is clear, but it is equally clear that the municipality may not deprive him of the accumulated sick leave which the Legislature has provided for.

Judgment will be entered for $1,396, with interest and costs.